IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVENELL L. ASH, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:21-cv-781-DWD |
| PULASKI CITY STATE PATROL and LISA CASPER, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Davenell L. Ash brings this lawsuit against Defendants Pulaski City State Patrol and Lisa Casper. (Doc. 3 at 1–2) Ash has also filed a motion for leave to proceed *in forma pauperis*. (Doc. 4) Two matters must be resolved before *in forma pauperis* status can be granted: the plaintiff must show that he is indigent by submitting an affidavit "that includes a statement of all assets [he] possesses [showing] that [he] is unable to pay such fees or give security therefor," and the plaintiff's complaint must state a claim upon which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2). Ash has submitted his financial affidavit, but for the following reasons, he has not stated a claim upon which relief may be granted.

In his complaint, Ash claims that there is a conspiracy among law enforcement officers and others to kill him with drones and radiation. Ash describes driving from Oxford, Mississippi to Minnesota. (Doc. 3 at 6) Shortly after entering Illinois on Interstate 57, Ash claims that a highway patrol officer pulled him over for speeding. (Doc. 3 at 10)

Ash believed that the officer was acting strangely and called 911. (Doc. 3 at 10) Ash claims that another officer then arrived and began yelling at him. (Doc. 3 at 10) The officers arrested Ash and revoked his driving privileges. (Doc. 3 at 11) After he bonded out of jail, he stayed in a hotel for the weekend until he was able to get his driving privileges reinstated. (Doc. 3 at 10–11) When he continued on his trip, another officer pulled him over in the same location. (Doc. 3 at 11) He had to stay at the same hotel again, but he claims that this time the owner placed him in a room filled with microphones, cameras, and radiation. (Doc. 3 at 11) Financially depleted, Ash returned to Oxford, where he claims law enforcement and drone operators tried to kill him with radiation. (Doc. 3 at 12) For four months, "perpetrators were gathering at my home every night for a radiation lynching." (Doc. 3 at 12) Ash believes that cameras, microphones, and drones are being used to monitor him at his home, storage space, and car. (Doc. 3 at 12)

A district court may dismiss suits which are factually frivolous. 28 U.S.C. § 1915(e)(2)(B)(1). A case may be dismissed as factually frivolous when "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation marks and citations omitted). Ash's claims fall into this category. The Court finds that his allegations of a conspiracy of law enforcement officers and drone operators bent on killing him with radiation is factually frivolous.

However, Ash may be able to state a plausible claim against the officers who arrested him in Pulaski County. For a plaintiff to state a claim under Federal Rule of Civil Procedure 8, he must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement is primarily concerned with notice—putting a plaintiff to the paces of pleading some facts gives the defendants enough foreknowledge of what they are being accused of so that they can capably mount a response. *See United States ex. rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). A successful claim tends to explain the who, what, when, where, why, and how of each alleged violation. For example, Ash has not stated a claim against Lisa Casper because he has not explained how, when, and where she violated his constitutional rights. And while Ash has offered some facts suggesting that certain officers in Pulaski County may have violated his rights, he has not named those officers as defendants or explained which specific rights he believes they violated.

For these reasons, Ash's complaint (Doc. 3) is DISMISSED without prejudice with leave to amend. On or before August 16, 2021, Ash shall file an amended complaint that clearly explains the timeframe, facts, and legal basis for his claims, that is the who, what, when, where, how, and why behind his allegations, without straying into fanciful tales of conspiracy.

**SO ORDERED.**

Dated: July 14, 2021

  _____
  DAVID W. DUGAN
  United States District Judge